# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES, INCORPORATED,<br><br>Defendant. | Civil Action:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff" or "Tomelleri") and, for his Complaint against Defendant Lee Enterprises, Incorporated ("Defendant") alleges and states as follows:

### JURISDICTION AND VENUE

1. This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.*, for removal or alteration of copyright management information.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3. This Court has personal jurisdiction over Defendants because Defendant is incorporated in the State of Iowa and maintains its principal place of business in the State.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is located here.

### PARTIES

5. Plaintiff is an adult individual and a resident of the State of Kansas.

6. Defendant is a corporation duly incorporated in the State of Iowa.

7. Defendant's principal place of business is 201 N. Harrison, Suite 600, Davenport, IA 52801.

8. Defendant's registered agent is CORPORATION SERVICE COMPANY and its registered office is 505 5th Avenue, Suite 729, Des Moines, Iowa, 50309.

9. Defendant is doing business as COLUMBIA VIEWS in the State of Washington.

10. Defendant owns and operates a newspaper under its COLUMBIA VIEWS business name (the "Columbia Views").

11. Defendant is doing business as MISSOULIAN in the State of Montana and has filed an Assumed Business Name for MISSOULIAN with the Montana Secretary of State's office which is currently active and in good standing.

12. Defendant owns and operates a newspaper under its MISSOULIAN business name (the "Missoulian").

13. Defendant is doing business as BILLINGS GAZETTE in the State of Montana and has filed an Assumed Business Name for BILLINGS GAZETTE with the Montana Secretary of State's office which is currently active and in good standing.

14. Defendant owns and operates a newspaper under its BILLINGS GAZETTE business name (the "Billings Gazette").

## PLAINTIFF'S BACKGROUND AND WORKS

15. Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

16. Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

17. Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

18. For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

19. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better understand fish and their changing ecosystems. They value Plaintiff's hand-drawn work over photographs because of Plaintiff's technique in depicting color patterns, fin arrangements and other significant diagnostic characteristics of a particular fish species in a particular life cycle.

20. Plaintiff's work is identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium.

21. Plaintiff uses information gained from observing the fish in addition to his own skill and judgment to create illustrations which capture the significant diagnostic characteristics of each fish.

22. Plaintiff is the owner of the website www.americanfishes.com ("Plaintiff's Website") where prints of his illustrations are available for purchase. Plaintiff's Website contains digital reproductions of Plaintiff's illustrations available for sale. Each image prominently displays one or more copyright notices as in the below example.



*Example of one of Plaintiff's illustration on Plaintiff's Website*

23. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that are at issue in this case (the "Works").

24. Plaintiff is and always has been the exclusive owner of all of his Works.

25. Each of the illustrations comprised in the Works is covered by a copyright registration owned by Plaintiff.

26. The following table individually lists each of Plaintiff's Works at issue and the corresponding registration information.

| No. | Illustration | Reg. # | Reg. Date |
|---|---|---|---|
| 1 | Brown Trout | VA 1 163 619 | 11/05/2002 |
| 2 | Coho Salmon | VA 1 163 619 | 11/05/2002 |
| 3 | Largemouth Bass | VA 1 673 790 | 05/06/2009 |
| 4 | White Sturgeon | VA 1 799 775 | 06/17/2011 |
| 5 | Shovelnose Sturgeon | VA 1 799 485 | 05/26/2011 |
| 6 | Tiger Muskie | TX 082 429 | 05/02/1991 |
| 7 | Burbot | VA 1 673 790 | 05/06/2009 |
| 8 | Shovelnose Sturgeon | VA 1 799 485 | 05/26/2001 |

27. Plaintiff's website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

28. As can be seen above and on Plaintiff's Website, Plaintiff's original illustrations typically display copyright management information prominently in at least two locations: to the bottom right

corner of the illustration the phrase "©2016 Joseph R. Tomelleri" is displayed, and directly below the illustration the title of the work and Mr. Tomelleri's name is displayed. In some instances, the indication that Mr. Tomelleri is the illustrator is present elsewhere near the image.

29. Similar copyright management information is typically provided in connection with Mr. Tomelleri's works in the original publication in which they are featured.

30. Copyright management information may also be present in the metadata of electronic copies of each of Tomelleri's illustrations

31. Plaintiff's copyright management information is written in clear, bold, large font which is easily seen by anyone viewing Plaintiff's work. Such copyright management information immediately indicates the title of the work, that Mr. Tomelleri is the author of the work, and that Mr. Tomelleri claims an exclusive copyright in the work.

32. Such copyright management information is typically provided in connection with every Tomelleri illustration in whatever form, digital or print, such work is published.

**DEFENDANT'S CONDUCT**

33. Defendant owns and operates various newspapers including Columbia Views, Billings Gazette, and Missoulian.

34. Defendant maintains a website for Columbia Views, Billings Gazette, and Missoulian at columbiaviews.com, billingsgazette.com, and missoulian.com respectively (collectively, "the Websites").

35. The Websites are used for commercial purposes, including generating advertising revenue.

36. Upon information and belief, the Websites are distributed nationwide and viewable by any individual with internet access.

37. Plaintiff discovered that Defendant, without authorization, reproduced and displayed at least eight (8) of his illustrations on the various Websites – to wit, the Works.

38. Specifically Works 1-4 were displayed on the Columbia Views website, Works 5-7 were displayed on the Billings Gazette website, and Work 8 was displayed on the Missoulian website.

39. Upon information and belief, Defendant modified the Works, creating derivative works of the Works.

40. Upon information and belief, the Works or their derivatives reproduced and displayed on the Website were viewed by individuals all over the country.

41. The Works or their derivatives were used by Defendant in articles containing advertisements from which Defendant derived revenue.

42. Upon information and belief, Defendant derived revenue as a result of its infringing use of the Works.

43. Upon information and belief, Tomelleri's typical copyright management information was present on or near each of the Works when they were appropriated by Defendant.

44. In displaying the Works, Defendant did not provide all of Plaintiff's copyright management information.

45. Upon information and belief, Defendant intentionally removed Plaintiff's copyright management information which was previously present on and near each of the Works.

46. Defendant provided its own copyright management information in connection with the Works, including its own copyright notices.

47. Upon information and belief, in some cases Defendant intentionally affixed these marks, attributing the Works to Defendant.

48. Much of the copyright management provided by Defendant in association with each of the Works is false.

49. Upon information and belief, Defendant knew such copyright management information was false.

50. Upon information and belief, Defendant provided such false copyright management information to conceal their own infringement.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

51. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

52. Plaintiff has valid copyrights and copyright registrations for each of the Works.

53. Defendant has infringed Plaintiff's copyrights in his Works by preparing derivative works based upon the Works and by reproducing and publically displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*

54. To the extent that Defendant do not acknowledge copying the Works, Defendant had access to the Works and the images used by Defendant are substantially similar to the Works.

55. In fact, the images used by Defendant are strikingly similar to the Works.

56. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

## COUNT II - VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

57. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

58. Plaintiff's Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

59. Defendant has intentionally removed such copyright management information from Plaintiff's Works, without permission in violation of 17 U.S.C. § 1202(b).

60. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's Works that is false and has distributed copyright management information for Plaintiff's Works that is false in violation of 17 U.S.C. § 1202(a).

61. Defendant has provided and distributed such false copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilitate others' infringement of the Works.

62. By reason of Defendant's conduct, Defendant has made it difficult for Plaintiff to discover the infringement.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement.

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed.

d. Under 17 U.S.C. § 505, award costs to Plaintiff;

e. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorneys' fees to Plaintiff.

f. Under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a further violation;

g. Under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as it deems reasonable, any device or product that is in the custody or control of Defendant that the court has reasonable cause to believe was involved in a violation;

h. Under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendant's in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation.

i. Under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendant is found to have violated § 1201 or § 1202 within the past three years.

j. Under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

k. Under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

l. Under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendant or has been impounded under paragraph 17 U.S.C. § 1203(b)(2).

m. Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

n. Grant to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

        Respectfully submitted,

        **PHELAN TUCKER LAW, LLP**

By:   /s/ William N. Toomey
      William N. Toomey, AT0007927
      Phelan Tucker Law LLP
      321 E. Market Street
      Iowa City, IA 52245
      Phone: (319) 354-1104
      Fax: (319) 354-6962
      E-mail: toomey@phelantuckerlaw.com

        and

        **INTELLECTUAL PROPERTY CENTER, LLC**

/s Arthur Shaffer
Arthur Shaffer  (*pro hac vice* motion forthcoming)
7101 College Blvd, Ste 1520
Overland Park, KS 66210
Telephone: 913-345-0900
Facsmile: 913-345-0903
Email: ashaffer@theipcenter.com

**ATTORNEYS FOR PLAINTIFF**